IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| H.L. PERRIN, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>GERALD KROUSE,<br><br>Defendant. | Cause No. CV-09-0089-BLG-RFC-CSO<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION |

This matter comes before the Court on Plaintiff H.L. Perrin, Jr.'s Motion to Proceed in Forma Pauperis (Court's Doc. No. 1) and proposed Complaint. (Court's Doc. No. 2). Perrin is representing himself.

The Court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. See 28 U.S.C. § 1915(a). But the court has broad discretion in denying an application to proceed in forma pauperis. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), cert. denied, 375 U.S. 845, 84 S.Ct. 97, 11 L.Ed.2d 72 (1963). "A district court may deny leave to proceed in forma

pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987). Perrin's application should be denied because his complaint fails to establish federal subject matter jurisdiction and thus is without merit as filed.

Perrin alleges in the past year Defendant Krouse has "repeatedly spoken maliciously about plaintiff, including saying plaintiff 'doesn't have to do anything,' plaintiff 'won't work,' and referring to plaintiff as 'gay,' which he isn't." (Court Doc. No. 2–Complaint, p. 4). Perrin contends Krouse's actions are affecting his attempts to return to work.

Federal courts, unlike state courts, are courts of limited jurisdiction which can only adjudicate those cases which the United States Constitution or Congress authorize them to adjudicate. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Congress has only authorized federal jurisdiction in cases which present a federal question as set forth by 28 U.S.C. § 1331 or where there is complete diversity of citizenship and the amount in controversy exceeds $75,000 as set forth by 28 U.S.C. §

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION–CV-09-00089-BLG-RFC-CSO / PAGE 2

1332.  A party seeking to invoke federal subject matter jurisdiction has the burden of establishing that jurisdiction exists.  Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F. 2d 1280 (9th Cir. 1977).

Perrin's allegations do not state a cause of action arising under the Constitution, laws, or treaties of the United States.  See 28 U.S.C. § 1331.  Perrin characterizes his claim as a "violation of civil rights, but there is no indication Defendant Krouse is a person acting <u>under color of state law</u>.  West v. Atkins, 487 U.S. 42 (1988).  The "color of state law" requirement is a condition precedent to stating a § 1983 claim, and arises from the specific language of § 1983 and the nature of the Fourteenth Amendment itself.  The Bill of Rights does not prohibit acts of private persons, Public Utilities Comm'n v. Pollak, 343 U.S. 451, 461-62, 72 S. Ct. 813, 96 L. Ed. 1068 (1952), however discriminatory or wrongful.  District of Columbia v. Carter, 409 U.S. 418, 422-23, 93 S. Ct. 602, 34 L. Ed. 2d 613 (1973).

Perrin does not present a federal claim.  It appears that Perrin is attempting to state a defamation claim, but defamation is not a federal claim under section 1983.  See Paul v. Davis, 424 U.S. 693, 701 (1976).

Section 1983 "imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433, 443 (1979). Damage to reputation, standing alone, cannot state a claim for relief under section 1983 because reputation is neither a property interest nor a liberty interest guaranteed against state deprivation without due process of law. Johnson v. Barker, 799 F.2d 1396, 1399 (9th Cir. 1986). Accordingly, Perrin cannot establish federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Perrin has also failed to allege complete diversity of citizenship or that the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332. In the summons he prepared, he lists both his address and the Defendant's address as Billings, Montana. Thus, the Court lacks diversity jurisdiction over this matter.

For the reasons discussed above, Perrin's Motion to Proceed in Forma Pauperis should be denied and this matter dismissed for lack of federal subject matter jurisdiction.

Based on the foregoing, the Court issues the following:

## RECOMMENDATION

Perrin's Motion to Proceed in forma pauperis (Court's Doc. No. 1) should be DENIED and his Complaint (Court's Doc. No. 2) should be DISMISSED for lack of subject matter jurisdiction.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Perrin may serve and file written objections to this Findings and Recommendation within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.Civ.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 31st day of July, 2009.

>   */s/ Carolyn S. Ostby*
>   Carolyn S. Ostby
>   United States Magistrate Judge